**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Case: 1:24−mc−00028
Assigned To : Howell, Beryl A.
Assign. Date : 2/27/2024
Description: Misc. (O−Deck)

UNITED STATES OF AMERICA,

v.

Case No. 22-cr-25-APM

STEFANIE CHIGUER,

        Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**THE PRESS COALITION'S MOTION TO UNSEAL**

Pursuant to Local Criminal Rule 57.6, the Press Coalition[1] respectfully requests that the Court unseal and place on the docket judicial records not currently open to the public that are related to the sentencing of Defendant Stefanie Chiguer.  This motion seeks access to all such sealed or otherwise undocketed records related to Chiguer's sentencing, including but not limited to: any sentencing memoranda filed by Chiguer or the Government; the transcript of Chiguer's sentencing hearing; the Court's Judgment reflecting any sentence or other penalties imposed on Chiguer; any other filings made in connection with Chiguer's sentencing; any related motion to seal; and any sealing order.

The public docket provides no explanation as to why, despite the strong presumption of transparency in this Circuit, these judicial records are not available to the public.  The Court should therefore grant the Press Coalition's motion for access to the Sealed Judicial Records.

---

[1] Members of the Press Coalition are Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, CBS Broadcasting, Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc. Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, POLITICO LLC, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post.

I.      BACKGROUND

This lawsuit is one of many cases arising out of the riot at the United States Capitol on January 6, 2021, "the most significant assault on the Capitol since the War of 1812." *Trump v. Thompson*, 20 F.4th 10, 18-19 (D.C. Cir. 2021).  Defendant Stefanie Chiguer and her former co-defendant Kirstyn Niemela entered the Capitol on the afternoon of January 6, where they were "part of the mob . . . that funneled into the area by the Memorial doors, where three officers were trying to keep the crowd from going further."  *See* Statement of Offense (Dkt. 37) at 4.  Chiguer and Niemela were both charged in this case with entering and remaining in a restricted building or grounds; engaging in disorderly and disruptive conduct in a restricted building or grounds; engaging in disorderly conduct in a Capitol building; and parading, demonstrating, or picketing in a Capitol building.  *See generally* Information (Dkt. 11).

On April 7, 2022, Chiguer pleaded guilty to the count of parading, demonstrating, or picketing in a Capitol building.  *See* Plea Agreement (Dkt. 36) at 1.  The following week, this Court ordered Chiguer and the Government to file their sentencing memoranda by August 2, 2023, and to file any reply memoranda by August 8, 2023.  *See* Apr. 13, 2022 Minute Order.

On May 2, 2022, the Government moved to dismiss the charges against Niemela in this case on the grounds that she had been added as a co-defendant in a separate action, No. 21-cr-623-CRC, where she was charged "with the same four misdemeanors counts as in the present case."  *See* Gov't Mot. to Dismiss (Dkt. 38) at 1.  In that motion, the Government noted that Chiguer "has entered a guilty plea" and stated that her sentencing "is set [for] August 10, 2022." *Id.* at 1 n.1.  On May 16, 2022, the Court granted the Government's motion to dismiss as to Niemela, and on May 23, 2022, the Court entered a revised scheduling order as to Chiguer, directing the parties to file sentencing memoranda by August 12, 2022 and reply memoranda by August 19, 2022, and setting sentencing for August 26, 2022.  *See* May 23, 2022 Minute Order.

2

Since then, little has been filed on the public docket in this case.  On September 16, 2022, a trial attorney-detailee entered an appearance for the Government (Dkt. 43), and two days later, an Assistant U.S. Attorney entered an appearance for the Government as well (Dkt. 44).  The final entry – docketed over a year ago, on February 14, 2023 – is a notice of appearance on behalf of Niemela that was entered by her attorney in the other criminal case (Dkt. 50).

In that other case, Niemela was ultimately tried by a jury and convicted on all counts in January 2023.  *See* Minute Entry, *U.S. v. Niemela*, No. 21-cr-623-CRC (D.D.C. Jan. 26, 2023). In its subsequent Sentencing Memorandum, which requested that the Court sentence Niemela to 11 months in prison, the Government referenced Chiguer more than a dozen times and stated that "Chiguer's sentencing is scheduled for June 9, 2023, before Judge Mehta."  *See* Sentencing Mem. (Dkt. 122) at 3 n.4, *U.S. v. Niemela*.  On June 8, 2023, the day before this Court was purportedly due to sentence Chiguer, Judge Christopher R. Cooper sentenced Niemela to 11 months in prison.  *See* Judgment in a Crim. Case (Dkt. 142) at 3, *U.S. v. Niemela*.

Though Chiguer pleaded guilty to participating in the Capitol riot in April 2022 and has purportedly been scheduled for sentencing on at least three separate dates since then, the public docket in this case does not reflect that any sentencing memoranda have ever been filed, that any sentencing hearing has ever been held, or that any sentence has ever been issued.

## II.     THE COURT SHOULD RELEASE THE SEALED JUDICIAL RECORDS

Fifteen years ago, following an investigation led by the Reporters Committee for Freedom of the Press revealing that no public online docket existed for 469 criminal cases in this District over a five-year period, then-Chief Judge Thomas Hogan spearheaded a vote by the U.S. Judicial Conference resulting in recommendations that all federal trial courts list all sealed dockets online.  *See Conference recommends change to secret dockets*, Reporters Comm. for

Freedom of the Press (Mar. 13, 2007), https://www.rcfp.org/conference-recommends-change-secret-dockets/.  Judge Hogan commented that the Reporters Committee "did a good favor for us in discovering" these secret dockets.  *Id.*  The absence of <u>any</u> docket entries related to Chiguer's sentencing, or to the sealing of these records, is inconsistent with these serious policy changes intended to ensure judicial records and decisions are docketed so that the public is able to monitor the events in criminal cases.

Judge Hogan's initiative is entirely in keeping with the First Amendment and common law rights of access to judicial records, which the D.C. Circuit has noted are "a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017) (Garland, J.).  The Court should release the Sealed Judicial Records under the First Amendment, the common law, and the policy of this District.

**A.     The Court Should Release The Records Under The Constitutional Right of Access.**

As to the Constitution: "The Supreme Court has sketched a two-stage process for resolving whether the First Amendment affords the public access to a particular judicial record or proceeding." *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). "First the court must determine whether a qualified First Amendment right of public access exists.  If so, then . . . the record or proceeding may be closed only if closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

Courts follow the "experience and logic" test to determine where the constitutional right of access right to records or a proceeding. *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 9 (1986).  Under this test, the right of access attaches if "the place and process have historically been open to the press and general public" and if access "plays a significant positive role in the functioning

4

of the particular process." *Id*. at 8.  Applying this test, the constitutional right of access plainly attaches to any sealing motions or orders.  *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions."); *Wash. Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (holding that motions to seal plea agreements must be publicly docketed, and interested parties must be given notice and opportunity to be heard before sealing).

Likewise, the First Amendment protects public access to filings and proceedings related to resolution of a prosecution, including records related to sentencing.  *Robinson*, 935 F.2d at 288 (First Amendment right of access applies to plea agreement); *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records.").  As this District has observed in acknowledging a constitutional right to access sentencing filings, public oversight

> serves to check any temptation that might be felt by either the
> prosecutor or the court to seek or impose an arbitrary or
> disproportionate sentence; promote accurate fact-finding; and in
> general stimulate public confidence in the criminal justice system
> by permitting members of the public to observe that the defendant
> is justly sentenced.

*United States v. Harris*, 204 F. Supp. 3d 10, 15 (D.D.C. 2016) (cleaned up).

Where this constitutional right of access applies, the Court should make the judicial records public unless secrecy "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring).  Here, the public docket contains no argument by the parties or finding by the Court that the withholding of the Sealed Judicial Records is essential to preserve any higher values.  Nor are there any public findings that narrowly targeted redactions would not sufficiently protect any such interest.  *See In re N.Y.*

*Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (because restrictions on First Amendment right

of access must be narrowly tailored, courts must ask whether "the goal of protecting [higher

values] can be accomplished by means less restrictive than prohibiting access . . . altogether");

*see also Dare*, 568 F. Supp. 2d at 245 (ordering a sealing order and a sentencing memorandum

be unsealed, with limited redactions to the defendant's personal identifying information within

the memorandum); *Harris*, 204 F. Supp. 3d at 12-13, 18 (ordering that sealing memorandum and

opinion be docketed with limited redactions).

Because the First Amendment access right applies to the Sealed Judicial Records, and

there are no findings on the public record demonstrating that blanket withholding is essential to

preserving higher values, the Court should grant the Press Coalition's motion for access.

**B.      The Court Should Release The Records Under The Common Law Right Of Access.**

The Court also should release the Sealed Judicial Records pursuant to the common law

right of access. "Although [this] right is not absolute, there is a strong presumption in its favor,

which courts must weigh against any competing interests." *Metlife*, 865 F.3d at 663. Like the

constitutional right of access, the common law right requires courts to conduct a two-stage

analysis. First, courts determine whether the records at issue are "judicial records" to which

there is a "strong presumption" in favor of access. *Id.* at 665-69. If they are judicial records,

courts then apply the six-factor test set out in *United States v. Hubbard* to determine whether the

presumption of access has been rebutted. 650 F.2d 293, 317-21 (D.C. Cir. 1980).

Under controlling case law, the Sealed Judicial Records are "judicial records" to which

the public has a presumptive right of access under the common law. *See Harris*, 204 F. Supp. 3d

at 14-15 (common-law right of access applied to sentencing memoranda and attachments). In

*Metlife*, the D.C. Circuit explained that documents filed with the court are judicial records, even

when they are filed under seal, so long as they "were filed before the . . . court's decision and were intended to influence it." 865 F.3d at 668. Here, the Sealed Judicial Records – including (and possibly not limited to) the parties' sentencing memoranda, Chiguer's sentencing hearing, and the Court's decision to seal these records – clearly were intended to influence the Court in reaching a decision and reflect the Court's decision. The Sealed Judicial Records are therefore "judicial records," and the same "strong presumption" of public access applies.

Because the public has a presumptive right of access to the Sealed Judicial Records under the common law, the Court should release them unless the party seeking the sealing rebuts the strong presumption under *Hubbard* and *Metlife*. Again, neither the parties nor the Court have articulated on the record how these factors could outweigh the "strong presumption" of access to the Sealed Judicial Records. The Court should therefore grant the Press Coalition access to the Sealed Judicial Records pursuant to the common law as well.

## **CONCLUSION**

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Sealed Judicial Records be unsealed and placed on the public docket.

Dated: February 26, 2024        Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2024, I caused true and correct copies of the

foregoing to be served via electronic mail and U.S. Mail on the following:

H. Heather Shaner
LAW OFFICES OF H. HEATHER SHANER
1702 S Street, NW
Washington, DC 20009
hhsesq@aol.com

*Attorneys for Defendant Stefanie Chiguer*

Jessica Arco
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
jessica.arco@usdoj.gov

Mona Furst
Office of the United States Attorney
301 North Main, Suite 1200
Wichita, KS 67052
mona.furst@usdoj.gov

Michael Matthew Gordon
DOJ-USAO
Criminal Division, Violent Crimes and
Narcotics Section
400 North Tampa Street, Suite 3200
Tampa, FL 33602
michael.gordon3@usdoj.gov

*Attorneys for the United States of America*


*/s/ Charles D. Tobin*
Charles D. Tobin (#455593)