IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE STEFANIE CHIGUER | Case No. 24-mc-28-APM |

## THE PRESS COALITION'S POSITION STATEMENT ON UNSEALING ECF NO. 4

Pursuant to the Court's Minute Order of March 15, 2024, the Press Coalition submits this position statement in favor of unsealing in full ECF No. 4 (the "Sealing Motion"). Defendant Stephanie Chiguer cannot justify restricting access to the Sealing Motion because the Government has already released the Sealing Motion, in unredacted form, to the Press Coalition. Moreover, even if the Government had not made that disclosure, any information that Chiguer might seek to redact from the Sealing Motion is already a matter of public knowledge.

### BACKGROUND

In the underlying criminal case, *U.S. v. Chiguer*, No. 22-cr-25, Chiguer and her former co-defendant Kirstyn Niemela were charged with four misdemeanor counts for participating in the riot at the U.S. Capitol on January 6, 2021. *See generally* Information, *id.* (Dkt. 11). On April 7, 2022, Chiguer pleaded guilty to one count of parading, demonstrating, or picketing in a Capitol building. *See* Plea Agreement at 1, *id.* (Dkt. 36). The following month, the Government moved to dismiss the charges against Niemela because she had been added as a co-defendant and charged with the same four counts in a separate action. *See* Mot. to Dismiss at 1, *id.* (Dkt. 38).

In that other case, Niemela was tried by a jury and convicted on all counts in January 2023. *See* Minute Entry, *U.S. v. Niemela*, No. 21-cr-623-CRC (D.D.C. Jan. 26, 2023). On June 8, 2023, the Honorable Christopher R. Cooper sentenced Niemela to 11 months in prison. *See* Judgment in a Crim. Case at 3, *id.* (Dkt. 142). The following day, this Court sentenced Chiguer to 24 months of probation. *See* Judgment in a Crim. Case at 2, *U.S. v. Chiguer* (Dkt. 57).

On February 26, 2024, the Press Coalition moved to unseal all records and proceedings related to the sentencing in *U.S. v. Chiguer*. *See* Mot. to Unseal (ECF No. 1). On March 6, 2024, the Government responded by filing a sealed motion for leave to file a sealed opposition (ECF No. 3) and a sealed opposition brief (ECF No. 3-1). That same day, after submitting those papers to the Court, the Government's counsel sent an unredacted "courtesy copy" of those sealed filings to the Press Coalition's counsel, and the Press Coalition's counsel informed the parties' counsel that they intended to provide those sealed filings to the members of the Press Coalition. *See* Ex. to Sealed Mot. for Leave to File Under Seal (ECF No. 4-2).

On the morning of March 8, 2024, the Government filed its Sealing Motion (ECF No. 4), a two-sentence document which sought permission to file under seal an emergency motion for a protective order (ECF No. 4-1) to restrain the Press Coalition's counsel from sharing the sealed filings with their clients. Shortly thereafter, Government counsel sent to the Press Coalition's counsel and Chiguer's counsel "redacted courtesy copies" of the Sealing Motion and the emergency motion for a protective order. In the copies provided to the Press Coalition counsel, the Government redacted approximately four lines of text from the emergency motion, and it redacted nothing in the two-sentence Sealing Motion. Because Government counsel described these documents as "redacted," Press Coalition counsel reasonably understood those documents were going to be filed on the Court's open docket, and counsel promptly emailed the "redacted" documents to the Press Coalition clients.[1]

That same day, the Press Coalition filed a response in opposition (ECF No. 6) to the emergency motion, and the Court held argument on that emergency motion later that afternoon.

---

[1] As the Press Coalition has noted, *see* ECF No. 6 at 2-3, the D.C. Rules of Professional Conduct oblige attorneys to keep their clients "reasonably informed" on "all aspects of the subject matter of the representation" and authorize attorneys to withhold information from their clients only in "rare circumstances." *See* D.C. Rules of Professional Conduct 1.4(a) & cmts. 2 & 5.

2

At the conclusion of the hearing, the Court ordered the parties to meet-and-confer and attempt to resolve this matter among themselves, and the Court restrained the Press Coalition's counsel from providing the sealed filings to their clients.[2] That indefinite prior restraint over the initial two documents provided to undersigned counsel and not shared with the Press Coalition (again, ECF Nos. 3 and 3-1) remains in effect over the Press Coalition's continuing objection.

The parties met and conferred immediately after the hearing on March 8, 2024. While conferring, Government counsel informed the Press Coalition's counsel that the Government had intended for the "redacted copies" of the Sealing Motion and sealed emergency motion for a protective order to remain sealed. The Press Coalition's counsel informed the Government that they had already shared those "redacted copies" with their clients.

While the parties and Press Coalition, with the Court's encouragement, have largely reached agreement on how to proceed in this case, public access to the Sealing Motion (ECF No. 4) remains in dispute with Chiguer's counsel. The Press Coalition and the Government have requested that the Court unseal the Sealing Motion in full – *i.e.*, in the same unredacted form in which the Sealing Motion has already been provided to the Press Coalition. *See* J. Status Rep. at 3 (ECF No. 9). Chiguer, however, has requested that the Court unseal only a redacted version of the Sealing Motion. *Id.* For the reasons below, the Court should direct the Clerk to place an unredacted copy of the Sealing Motion on the public docket.

## ARGUMENT

As the Press Coalition demonstrated in moving to unseal Chiguer's sentencing records and proceedings, the press and public have a right of access to motions to seal under both the

---

[2] At the hearing, Press Coalition counsel cited and offered to file persuasive authority dissolving an analogous prior restraint following a release of a sealed document to the undersigned counsel representing a news outlet. That ruling is *Gray Media Group, Inc. v. W. Va. Dept. of Health & Human Resources*, No. 22-P-197, 2023 WL 5682352 (W. Va. Cir. Ct. Aug. 28, 2023).

3

First Amendment and common law.  *See* Mot. to Unseal at 4-7 (ECF No. 1) (citing *Washington Post v. Robinson*, 935 F.2d 282, 289 & n.10 (D.C. Cir. 1991), and *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017)).  As a result, there is a powerful presumption of access to the Sealing Motion, which Chiguer cannot overcome because (1) the Government has already released the Sealing Motion to the press in full and (2) any information that Chiguer seeks to withhold in the Sealing Motion is already public knowledge.

**First**, as the party seeking to seal a record subject to the public right of access, Chiguer bears a heavy burden: she must demonstrate that any redaction would be "essential to preserve higher values and is narrowly tailored to serve that interest."  *Dhiab v. Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring).  Moreover, the D.C. Circuit has stated that a party cannot carry that burden when "disclosure of the contents of the [sealed record] would only . . . confirm[] to the public what was already validated by an official source."  *Robinson*, 935 F.2d at 292.  Here, because the Government has disclosed the Sealing Motion to the Press Coalition, placing the same copy of the same document on the public docket would merely confirm what has already been validated by an official source.  Chiguer therefore cannot justify keeping the Sealing Motion sealed, in whole or in part, and the Court should place an unredacted copy of the Sealing Motion on the public docket.  *See also, e.g.*, *In re NBC, Inc.*, 653 F.2d 609, 614 (D.C. Cir. 1981) (applying common law standard and noting that where requested records had already "been seen . . . by [certain] members of the press and public," this Circuit has "recognized that such previous access is a factor which lends support to subsequent access").

**Second**, even if the Government had not released an unredacted copy of the Sealing Motion to the Press Coalition, Chiguer still could not justify keeping that filing under seal, in whole or in part, because any information she might seek to redact is already public knowledge.

4

The Sealing Motion is just two sentences long, and only one of those sentences contains any information that Chiguer might possibly seek to redact. Yet <u>all of the information in that sentence has already been disclosed through public filings</u> in the *U.S. v. Chiguer* and *U.S. v. Niemela* criminal cases. Indeed, as the Press Coalition noted during the March 8, 2024 hearing on the Government's emergency motion, most of the information that Chiguer or the Government seek to seal in the underlying case can be found in the Government's statement of facts in support of its criminal complaint (*Chiguer*, Dkt. 1-1), Chiguer's plea agreement (*Chiguer*, Dkt. 36), the Government's sentencing memorandum as to Niemela (*Niemela*, Dkt. 122), or the transcript of Niemela's sentencing proceedings (*Niemela*, Dkt. 149). The Press Coalition calls the Court's attention to the following portions of that sentencing transcript in particular: 36:10-17, 39:10-40:1, and 57:3-58:5. The mere sequence of events in the *Chiguer* and *Niemela* cases also provides salient information to the public. *See id.* at 6:18-7:6 (Government's assurance that "the Court can infer" why Chiguer was sentenced after Niemela).

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court direct the Clerk to promptly place on the public docket a fully unsealed copy of ECF No. 4.

Dated: March 20, 2024

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren P. Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*