UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | **Case No. 24-mc-28 (BAH)** |
| **STEFANIE CHIGUER,** | : | |
| | : | <u>**UNDER SEAL**</u> |
| Defendant. | : | |

### <u>GOVERNMENT'S *EMERGENCY* MOTION FOR PROTECTIVE ORDER</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this emergency motion for a protective order to protect its recent motion to seal and the attached response, ECF Nos. 2-3, from disclosure by the Press Coalition. The Press Coalition opposes this motion and believes that—even without any further action by the Court—it has a right to disclose these documents to its client and that its client has a right to publish these documents, thus subverting the trial Court's sealing orders and the associated litigation currently pending before this Court.

**I.      Factual and Procedural History**

On February 26, 2024, the Press Coalition filed a motion to "unseal and place on the docket all records not currently open to the public that are related to the sentencing of Defendant Stefanie Chiguer" in criminal case number 22-cr-25 (APM).[1] ECF No. 1. Those records were sealed by the trial Court because they contain certain sensitive information. *See* ECF Nos. 2-3.

After consulting with Chiguer's counsel, who opposes the Press Coalition's motion in its entirety, on March 6, 2024, the government filed a motion to seal its response to the Press

---

[1] In this memorandum, citations to the underlying criminal case, 22-cr-25 (APM), are noted as "Crim. ECF No."

Coalition's motion, with the response included as a sealed attachment to that motion. *See* ECF Nos. 2-3. The government's motion to seal its response remains pending. *Id.*

That same day, as a professional courtesy and in good faith, to allow the Press Coalition the opportunity to reply to the government's arguments in opposition to the underlying motion to unseal, the government provided counsel for the Press Coalition with unredacted copies of its response and the accompanying motion to seal.

Later that day, counsel for the Press Coalition sent the attached email to the government asserting that by providing Press Coalition counsel with unredacted courtesy copies, the government has inadvertently waived any protections attached to them. *See* Ex. 1. The Press Coalition stated that it would disclose the contents of the government's motion to seal and response to its clients—and, by extension, the public—if no action was taken before 5 p.m. on March 8, 2024. *See id.*

II.    **Argument**

The Press Coalition's conduct here is procedurally, substantively, and professionally inappropriate. Here, the government acted in good faith. Rather than litigate the sealing question *ex parte* and deprive the Press Coalition of the opportunity to address the government's arguments, the government provided Press Coalition counsel with copies of its filings, assuming that Press Coalition counsel would respect the currently sealed nature of the information in question and the litigation process.[2] The government assumed—apparently wrongfully—Press Coalition counsel

---

[2] In hindsight, the government recognizes that it could have provided Press Coalition counsel with redacted versions of its motion to seal and response. Nonetheless, in this unique case, the government, out of professional courtesy and in accordance with the normal litigation process, provided Press Coalition counsel with the benefit of unredacted copies so that the Press Coalition could reply to the substance of the government's arguments if it wished. The government did not envision, however, that the Press Coalition would seek to preempt the Court's rulings on both the

would allow the Court to rule before acting. Instead, it is now apparent that the Press Coalition seeks to make an end-run around its own motion and subvert the Court's role in this litigation.

As the Court is aware, courts have the inherent power to seal court filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal filings to address compelling governmental interests, such as protecting witness security as well as the "intimate details of individual lives." *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F.2d 293, 324 (D.C. Cir. 1980). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are compelling governmental interests that justify protecting the government's recent motion to seal and response from disclosure by the Press Coalition.[3]

### III. Conclusion

For the foregoing reasons and in light of the Press Coalition's threat of imminent disclosure, the government requests that the Court enter the attached proposed protective order prohibiting the Press Coalition from disclosing any filings in this case, including the government's recent motion to seal and accompanying response to the Press Coalition's motion to unseal, until the Court authorizes them to do so.

---

Press Coalition's motion to unseal the underlying criminal case docket entries and the government's motion to seal its response to their motion, and instead unilaterally disclose the matters contained therein before the Court had an opportunity to rule.

[3] A courtesy copy of the instant filing containing a redacted version of this paragraph has been provided to the Press Coalition.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:   */s/ Michael M. Gordon*
MICHAEL M. GORDON
Florida Bar No. 1026025
Senior Trial Counsel, Capitol Siege Section
Assistant United States Attorney, Detailee
601 D St., NW
Washington, D.C. 20530
Telephone: (813) 274-6370
michael.gordon3@usdoj.gov

*/s/ Jessica Arco*
JESSICA ARCO
D.C. Bar No. 1035204
Trial Attorney, Detailee
601 D St., NW
Washington, D.C. 20530
Telephone: 202-514-3204
jessica.arco@usdoj.gov