UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **IN RE STEFANIE CHIGUER** | ) | Case No. 24-mc-28 (APM) |
| | ) | |

**ORDER**

**I.**

Having considered the parties' position statements, the court orders that two portions of the Government's Motion for Leave to File Under Seal, ECF No. 4, shall be withheld from the public docket. *See* The Press Coalition's Position Stmt. on Unsealing ECF No. 4, ECF No. 11 [hereinafter The Press Coalition's Stmt.]; Gov't's Position Stmt. in Resp. to March 15, 2024 Minute Order, ECF No. 10; Stefanie Chiguer's Under Seal Position Stmt., ECF No. 12-1. Specifically, the following shall remain sealed: (1) on page 1 of the motion, the words after "under seal" to the end of the second full sentence; and (2) on page 3 of the supporting memorandum of law, ECF No. 4-1, the three words that appear after the words "such as" in the first full paragraph and the next sentence (starting with "Protecting") in full.

**II.**

In reaching this determination, the court applies the six *Hubbard* factors. *See Cable News Network, Inc. v. Fed. Bureau of Investigation*, 984 F.3d 114, 118 (D.C. Cir. 2021).

First, the need for public access to the information at issue is limited. *See id.* at 119 (stating that "[a] district court weighing the first factor should consider the public's need to access the information that remains sealed"). As a result of prior unsealing orders, the public is now aware of the outcome of Ms. Chiguer's case, the sentence she received, and the bulk of the information that the court considered. *See* Minute Order, March 22, 2024; *United States v. Chiguer*, 22-cr-25

(APM), Minute Order, March 15, 2024 & ECF Nos. 61–71.  Disclosure of the sealed information would add only marginally to the public's understanding of these proceedings.  The first factor is thus neutral as to unsealing.

Second, the public has not previously had access to the information at issue, which favors keeping it under seal.  It is true that the government inadvertently disclosed the sealing motion in full to counsel for The Press Coalition, but to the court's knowledge the contents of the motion are not a matter of public record.  The Press Coalition argues otherwise, but its position is not supported by the record.  *See* The Press Coalition's Stmt., at 5.  Neither Ms. Chiguer's plea agreement nor the government's sentencing memorandum in *United States v. Niemela* discloses the information in dispute.  *See United States v. Chiguer*, Plea Agreement, ECF No. 36; *United States v. Niemela*, No. 21-cr-00623 (CRC), Gov't's Sentencing Mem., ECF No. 122.  The sentencing proceedings in *Niemela* reference Ms. Niemela's violent past against Ms. Chiguer, *see United States v. Niemela*, 21-cr-00623 (CRC), Sentencing Hr'g Tr., ECF No. 149, at 36:10-17, but otherwise only reflect the musings of Ms. Niemela, not official confirmation of otherwise nonpublic information, *id.* at 57:3–58:5.  Thus, in its present posture, this case differs from those in which sealing is deemed inappropriate because an official source put the contested information in the public domain.  *Cf. Washington Post v. Robinson*, 935 F.2d 282, 292 (D.C. Cir. 1991).

Third, The Press Coalition objects to nondisclosure, which weighs in favor of unsealing.

Fourth, Ms. Chiguer has a strong privacy interest in the disputed portions of the motion, as they directly implicate her personal safety and private health information.  *See United States v. Hubbard*, 650 F.2d 293, 324 (D.C. Cir. 1980) (identifying a valid privacy interest "in documents which reveal the intimate details of individual lives").  Fifth, Ms. Chiguer would be prejudiced by

disclosure of such sensitive matters. The fourth and fifth *Hubbard* factors therefore weigh heavily in favor of partial sealing.

Sixth, although the sealing motion was filed to influence a court decision, disclosing its contents in full would defeat the very purpose of the motion. This factor therefore is neutral.

On balance then, the six *Hubbard* factors weigh in favor of partial sealing. The common law presumption in favor of access must give way to Ms. Chiguer's personal privacy interests.

### III.

The First Amendment does not compel a different result. The First Amendment right to public access of court proceedings can be overcome if "specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9 (1986) (citation omitted); *see also Washington Post*, 935 F.2d at 292. Here, the need to preserve Ms. Chiguer's personal privacy interests, including her personal safety and health information, warrants sealing the limited portions identified by the court. *See United States v. Brice*, 649 F.3d 793, 796–97 (D.C. Cir. 2011) (holding that the First Amendment right to access did not warrant "exposing intimate medical and other facts" about victims) (quotation marks and citation omitted). Moreover, the court's sealing order is narrowly tailored, insofar as it does not reach portions of the filing that do not implicate these interests, and there are no alternatives to sealing that will preserve those interests.

**IV.**

The United States shall, by May 27, 2024, refile its Motion for Leave to File Under Seal, ECF No. 4, and accompanying memorandum, ECF No. 4-1, consistent with the redactions ordered by the court.

In addition, Ms. Chiguer's Motion to File Defense Position Under Seal, ECF No. 12, is granted in part. Ms. Chiguer shall, by May 27, 2024, refile her position statement on the public docket but may redact the italicized words the come after the word "protect" and, in the carry-over sentence on pages one and two, the words that follow "speculation" until the end of the sentence.

Dated: May 21, 2024

Amit P. Mehta
United States District Court Judge